## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Sabrino Taut Chuol, | Case No. 17-cv-4700 (JNE/TNL) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| Jefferson Sessions, III, *U.S. Attorney General*, | |
| Headquarters Post-Order Detention Unit (HQPDU), | |
| United States Department of Homeland Security (DHS), | |
| Immigration Enforcement and Customs (ICE), *801 1 Street, NW. Ste. 900, Washington, DC. 20536.*, | |
| Christopher Campbell, *ICE's Field Officer, 1 Federal Dr. Ste. 1640, Fort Snelling, MN . 55111*, | |
| Respondents.[1] | |

Sabrino Taut Chuol, A #07-667-287, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN 55330-1692 (pro se Petitioner); and

Ana H. Voss and Ann M. Bildtsen, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondents).

---

[1] The Court has listed the parties as they were listed by Petitioner in the Petition.

1

# I. INTRODUCTION

This matter comes before the Court on Petitioner Sabrino Taut Chuol's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). (Pet., ECF No. 1.) Petitioner is proceeding pro se. Assistant United States Attorneys Ana H. Voss and Ann M. Bildtsen are representing Respondents Jefferson Sessions, III; the Headquarters Post-Order Detention Unit (HQPDU); the United States Department of Homeland Security (DHS); Immigration Enforcement and Customs (ICE); and Christopher Campbell (collectively, "Respondents"). For purposes of these proceedings, this Court will refer to Respondents under the umbrella of the United States Department of Homeland Security's Immigration and Customs Enforcement division ("ICE"). This matter has been referred to the undersigned for a Report and Recommendation to the Honorable Joan N. Ericksen, District Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons that follow, this Court recommends that the Petition be denied as moot and this action be dismissed.

# II. BACKGROUND

Petitioner is a native and citizen of South Sudan and was admitted to the United States as a refugee in 2005. (Pet. at 2.) Subsequently, Petitioner became a lawful permanent resident. (Pet. at 2.) ICE initiated removal proceedings and detained Petitioner on June 1, 2016. (Pet. at 2.) On September 30, 2016, an immigration judge granted Petitioner relief from removal. (Pet. at 2.) ICE appealed the immigration judge's decision. (Pet. at 2.) On March 10, 2017, the Board of Immigration Appeals sustained ICE's appeal and ordered Petitioner removed to South Sudan. (Pet. at 2; *see* Ex. 2 to Decl. of Ana H.

Voss at 1, ECF No. 6-1.) Petitioner remained in custody pending his removal. (*See* Pet. at 2-3.)

On October 16, 2017, Petitioner filed the instant Petition, challenging his continued detention pending removal. (*See generally* Pet.) On October 24, 2017, ICE removed Petitioner via commercial airline to South Sudan. (Ex. 2 at 2; *see* Resp'ts Resp. at 1, ECF No. 5.) Thereafter, ICE requested Petitioner's Petition be dismissed as moot. (Resp'ts Resp. at 4.)

### III. ANALYSIS

#### A. Mootness

The United States Constitution limits the jurisdiction of the federal courts to ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). It is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issues. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden*, 212 F.3d at 469 (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). The federal courts lack jurisdiction to hear moot cases. *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). Thus, when an action is moot because it no longer satisfies the case-or-controversy requirement, "a

federal court must dismiss the action." *Potter*, 329 F.3d at 611 (citing *Minn. Humane Soc'y*, 184 F.3d at 797).

In this case, no ongoing controversy exists because ICE removed Petitioner from the United States. Petitioner seeks release from ICE custody. As Petitioner has been removed and is no longer in ICE custody, any order of release from this Court would be ineffectual. Because this Court cannot grant Petitioner effective relief, the instant Petition challenging Petitioner's detention pending removal is moot. *See, e.g., Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (habeas petition was moot because petitioner's removal from the United States left "nothing for the [c]ourt to grant by way of habeas relief" as petitioner was no longer in ICE custody), *adopting report and recommendation*, 2017 WL 3268176 (D. Minn. July 31, 2017); *Estrada-Heredia v. Holder*, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (habeas petition moot where petitioner was already repatriated to Mexico), *adopting report and recommendation*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) (petitioner's removal from the United States rendered habeas claim relating to ICE detention moot).

### B. Application of the Exceptions to Mootness

If any of the following exceptions to mootness apply, however, a court should not dismiss a habeas petition as moot:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily

4

> ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed*, 2017 WL 3267738, at *2 (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)). None of these exceptions apply to the present case.

First, the collateral-injuries exception does not apply when such injuries are a result of the final order of removal and not the prolonged detention itself. *Id.* In this case, any continuing injury would follow from Petitioner's order of removal to South Sudan rather than Petitioner's allegedly prolonged detention. *See id.* (finding that any continuing injury would follow the order of removal, which petitioner was unable to challenge in federal district court); *see also Sayonkon v. Beniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) ("But the collateral-consequences exception does not apply where such conditions follow from the final order of removal and not from the allegedly prolonged detention itself." (footnote omitted)), *adopting report and recommendation*, 2012 WL 1622545 (D. Minn. May 9, 2012). Because there are no collateral consequences resulting from Petitioner's allegedly unlawful detention, this exception does not apply. *See Ahmed*, 2017 WL 3267738, at *2; *Yelengi v. Lynch*, No. 16-cv-2397 (SRN/TNL), 2017 WL 2123927, at *3 (D. Minn. Apr. 26, 2017), *adopting report and recommendation,* 2017 WL 2124398 (D. Minn. May 16, 2017).

Second, the capable-of-repetition exception applies when "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and . . . there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (quotation omitted). This narrow

exception likewise does not apply here because there is nothing further to litigate in Petitioner's case.[2] *See Ahmed*, 2017 WL 3267738, at *3 (finding the capable-of-repetition exception to mootness did not apply where ICE effectively removed petitioner from the United States). Nor is there a reasonable expectation that ICE will hold Petitioner in custody again. *See id.*

Third, the voluntary-cessation exception does not apply as "this is not a case in which the government voluntarily ceased allegedly unlawful conduct but is free to restart such conduct at whim." *Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013)). If ICE brought Petitioner back into custody, "it would be under a new set of circumstances and facts, and would be impossible for the government to repeat the *same* unlawful conduct that Petitioner challenged." *Yelengi*, 2017 WL 2123927, at *3 (quotation omitted).

Finally, the class-action exception does not apply because this case involves an individual detainee's request for relief on his own behalf, not a request for relief on behalf of a class of individuals. Because this Court is unable to grant effective relief to Petitioner, and none of the above-mentioned exceptions to mootness apply, the Petition must be denied as moot.

### C. Due Process Claim Challenging Petitioner's Pre-Removal Detention

Lastly, Petitioner claims his "prolonged detention under § 1226(c) violated due process because the government . . . made no reasonable foreseeable determination that

---

[2] *See infra* Section III.C.

6

[he] posed either a danger to society or a flight risk." (Pet. at 3.) Petitioner claims his "indefinite detention under § 1226(c) violated the due process clause of the Federal Constitution's Fifth Amendment, as [ICE] . . . made no determination that [he] was properly included in a mandatory detention category." (Pet. at 3.)

While 8 U.S.C. § 1226(c) governs detention *prior to* the entry of a final order of removal, 8 U.S.C. § 1231 governs the detention of an alien subject to a final order of removal. *Pyne v. U.S. Dep't of Homeland Sec. Bureau of Immigration & Customs Enf't*, No. 07-cv-0937 (WJM), 2008 WL 940163, at *2 (D. N.J. Apr. 7, 2008). When Petitioner's order of removal became final on March 10, 2017, ICE's authority to detain Petitioner shifted from § 1226 to §1231, thereby rendering moot Petitioner's claim challenging his detention under § 1226. *See Oyelude v. Chertoff*, 170 F. App'x 366, 367 n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004, when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231."); *see also Gahamanyi v. Baniecke*, No. 07-cv-4007 (RHK/RLE), 2008 WL 5071098, at *11 (D. Minn. Nov. 30, 2012) ("Gahamanyi is now in post-removal detention, and any claim, insofar as it concerns his pre-removal detention, has become moot."). Because Petitioner's challenge to the § 1226 detention was rendered moot when his order of removal became final, this Court is likewise unable to grant Petitioner any sort of effective relief on his alleged due process claim.

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED AS MOOT.**

2. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Date: February 27, 2018

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*Chuol v. Sessions et al.*
Case No. 17-cv-4700 (JNE/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).